IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2015

**STATE OF TENNESSEE v. JEFFREY GALLAHER**

**Appeal from the Circuit Court for Lewis County**
**No. 2011-CR-106     Robbie T. Beal, Judge**

_____

**No. M2014-01232-CCA-R3-CD – Filed February 24, 2015**

_____

Defendant, Jeffrey Gallaher, was indicted by the Lewis County Grand Jury for one count of aggravated assault with a deadly weapon, one count of introduction of contraband into a penal institution, and one count of possession of a schedule IV drug. After a jury trial, Defendant was found not guilty of aggravated assault. He was convicted of introduction of contraband into a penal institution and simple possession. The trial court sentenced Defendant to an effective sentence of six years in incarceration as a Range II, multiple offender. On appeal, Defendant challenges the sufficiency of the evidence for the conviction for introduction of contraband into a penal institution. He does not challenge the conviction for simple possession. We conclude that the evidence was sufficient to support the conviction for introduction of contraband into a penal institution. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Vanessa Pettigrew Bryan, District Public Defender and David Christensen, Assistant Public Defender, Franklin, Tennessee, for the appellant, Jeffrey Gallaher.

Herbert H. Slatery, III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Kim Helper, District Attorney General; and Stacey Edmonson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Defendant was indicted by the Lewis County Grand Jury for aggravated assault, introduction of contraband into a penal facility, and possession of a schedule IV drug in relation to an argument with his wife and his subsequent arrest.

On April 3, 2011, officers from the Hohenwald Police Department responded to a domestic disturbance call on Centerville Highway. When Officer Kip Kelsey arrived, a man and woman later identified as Defendant and his wife, Lisa Gallaher, were outside arguing and yelling at each other. Mrs. Gallaher was "standing on one side of the vehicle with a knife in her hand, and [Defendant was] on the other side with nothing in his hand." There was a lot of "busted glass" from the windows of the vehicle in the driveway and the sliding glass door." Officer Kelsey exited his vehicle with his gun drawn, instructed Mrs. Gallaher to drop the knife, and told both Mr. and Mrs. Gallaher to "get on the ground." Officer Eric Taylor arrived shortly thereafter.

Officer Kelsey described both parties as "upset." Defendant and Mrs. Gallaher gave conflicting statements about the events leading up to the argument, though Defendant admitted that he broke out all the windows in the vehicle. Officers recovered a knife, an ax, and an ax handle from the scene. They were unable to determine the identity of the primary aggressor, so both Defendant and Mrs. Gallaher were arrested for aggravated assault.[1]

Officer Kelsey performed a search of Defendant incident to his arrest. At the time of the search, Defendant was handcuffed with his hands behind his back. Officer Kelsey noted that Defendant had "lots of keys" on a keychain in one of his pockets when he was arrested. During the search, Officer Kelsey "located a small pill in the zipper of [Defendant's] overalls." Defendant stated that it was a Xanax. The officer asked if Defendant had any other drugs on his person. Defendant stated that he did not have any other drugs on his person.

Defendant was transported to the Lewis County Jail. Officer Kelsey escorted Defendant into the jail where he was searched by Allen Carol, a correctional officer at the Lewis County jail. Officer Carol testified that at the time of arrest, "subjects are given an opportunity to tell [us] if they have anything [contraband] on their person." Additionally,

---

[1] Because Defendant was ultimately found not guilty of aggravated assault, we have chosen to omit the specific facts introduced at trial to support that charge.

he explained that it is posted in the "sally port"[2] that you are not allowed to bring any contraband into the jail.

During the booking process, the handcuffs are normally removed from the person being brought to the jail. During the booking process, Officer Carol "put[s] on gloves, ask[s] them to take off shoes, belt, and . . . ask[s] them again if they have anything inside their pockets. If they say no or if they hand me a wallet, whatever, I'll ask them to put their hand on the wall, and I'll start my pat down." The pat down is done for safety and to ascertain whether the individual is carrying weapons or drugs. Officer Carol could not recall with specificity whether he asked Defendant if he had anything in his pockets, but during the pat down, he located a "small red container" in Defendant's "front right pocket." When the item was removed from his pocket, Defendant exclaimed, "[expletive], you found my stash!" Inside the red container were "nine tablets" identified by the Tennessee Bureau of Investigation as Alprazolam, commonly referred to as Xanax.

At the conclusion of the proof, the jury found Defendant not guilty of aggravated assault and guilty of introduction of contraband into a penal facility and possession of a schedule IV drug. The trial court held a sentencing hearing. At the hearing, Defendant was sentenced to six years as a Range II, multiple offender for the conviction for introduction of contraband into a penal facility. Defendant was sentenced to eleven months and twenty-nine days and assessed a fine of $750 for the simple possession conviction. The sentences were ordered to be served concurrently.

Defendant filed a timely motion for new trial in which he argued, among other things, that the evidence was insufficient to support the conviction for introduction of contraband into a penal facility.[3] Defendant also filed a motion for modification of sentence under Tennessee Rule of Criminal Procedure 35. After a hearing, the trial court denied the motion for new trial and the motion for modification of sentence. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant challenges the sufficiency of the evidence for his conviction for introduction of contraband into a penal facility.[4] Specifically he argues that the facts

---

[2]Officer Carol explained that the "sally port" is the secure area in which a police car enters when transporting an individual to jail.

[3]Defendant raised additional issues in his motion for new trial. Those issues are not raised on appeal and, therefore, are considered abandoned.

[4]Defendant does not challenge his conviction for simple possession.

as introduced at trial do not support the conviction because there was no proof that Defendant knowingly introduced contraband into the Lewis County Jail. In other words, he insists that he did not have the intent necessary to sustain a conviction for the crime. In the alternative, Defendant argues that even if he did intend to "smuggle" the pills into the jail, it would have been factually impossible to accomplish because he would not have been allowed to wear his own clothing into the jail and because it would be "ridiculous to intend only to smuggle pills into the booking area." The State disagrees, pointing out that Defendant is merely challenging the jury's conclusion that Defendant acted knowingly and with unlawful intent.

In reviewing the sufficiency of the evidence on appeal, the relevant question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); Tenn. R. App. P. 13(e). This Court "must afford the State the strongest legitimate view of the evidence and any reasonable inferences that may be drawn therefrom." *State v. James*, 315 S.W.3d 440, 455 (Tenn. 2010) (citing *State v. Hanson*, 279 S.W.3d 265, 274 (Tenn. 2009)). Questions concerning the "credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008)). The jury's verdict replaces the presumption of innocence with one of guilt, and the burden is on the defendant to show that the evidence introduced at trial was insufficient to support such a verdict. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). It is not the role of this Court to re-weigh the evidence or to substitute our own inferences for those drawn from the evidence by the trier of fact. *Id.* This standard of review applies whether the conviction was based on direct evidence, circumstantial evidence, or a combination of the two. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

Tennessee Code Annotated section 39-16-201(b)(1) makes it unlawful for any person to:

> (1) Knowingly and with unlawful intent take, send or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision any weapons, ammunition, explosives, intoxicants, legend drugs, or any controlled substances or controlled substance analogues found in chapter 17, part 4 of this title; . . . .

A person acts "knowingly" with "respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-302(b). "A person acts knowingly

with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result." *Id.*

Defendant argues that the evidence is insufficient to support the conviction because he never had the opportunity to form the knowing intent—he was arrested when he was upset and emotional from an argument with his wife, and the pills were placed in his pocket prior to a time when he contemplated that he would come into contact with the police or be taken to a penal facility. We interpret this argument as an assertion that Defendant's entry into the penal facility was not voluntary.

This Court has examined similar factual scenarios and concluded that the statute does not require that a defendant's entrance to a penal facility be voluntary for a defendant to be convicted of introduction of contraband into a penal facility. Specifically, in *State v. Jimmy Ray Rogers*, No. M2004-01277-CCA-R3-CD, 2005 WL 1848480, at *3 (Tenn. Crim. App. May 10, 2005), the defendant was arrested for driving on a revoked license. When he was pulled over by police and his car was searched, they discovered what they thought was drug paraphernalia. In the sally port of the jail, the defendant was instructed to "give up" any contraband that he possessed. *Id.* at *2. At the time, he denied possessing contraband. The defendant was taken to the counter for booking and, prior to the search, the defendant removed a small bag of marijuana from his pocket and gave it to an officer. Defendant was convicted of introduction of contraband into a penal facility. On appeal, this Court determined that the evidence was sufficient, pointing to the plain language of the statute, "'Tennessee Code Annotated section 39-16-201(a)(1) requires proof only that the defendant knowingly and with unlawful intent took the [marijuana] into the jail. Nowhere in the statute is there a requirement that his entrance into the jail have been voluntary.'" *Id.* at *3 (quoting *State v. Randy B. Long*, No. W2001-01467-CCA-R3-CD, 2002 WL 1592716, at *6-7 (Tenn. Crim. App. July 12, 2002)).

In this case, Defendant was arrested after an altercation with his wife. During the initial pat down for safety, an officer took a Xanax pill out of the zipper pocket of Defendant's overalls. Defendant denied having any other drugs on his person. Defendant was handcuffed and taken to the jail. The arresting officer testified that at the jail, it was routine for him to caution arrestees about taking contraband into the jail, although he could not specifically recall if he made such a statement to Defendant. Additionally, there was testimony that there were warning signs in the sally port. Defendant did not relinquish the possession of the small, red container with nine Xanax pills. Defendant was taken into the jail where a subsequent search of his person revealed the pill container and

contraband.  Defendant commented to the officer that they found his "stash."  We conclude that the foregoing evidence is more than sufficient to sustain Defendant's conviction for introduction of contraband into a penal facility.  *See State v. Demetrie Owens*, No. M2003-01454-CCA-R3-CD, 2004 WL 2775459, at *6 (Tenn. Crim. App. Dec. 3, 2004) (upholding a conviction for introduction of contraband into a penal facility where the defendant argued that entrance to the jail was involuntary and, therefore, there was no intent to introduce the contraband into the jail).  From the evidence, the jury could have reasonably found that Defendant knowingly introduced contraband into the jail.  Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE